IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

USI INSURANCE SERVICES LLC,

    Plaintiff,                              Case No. 2:24-cv-00628-SDM-CMV

v.

ALAN ABOUHASSAN,

    Defendant.

## ORDER AND AGREED INJUNCTION

This matter came before the Court pursuant to the Joint Motion for Entry of Agreed Injunction filed by Plaintiff USI Insurance Services LLC ("USI") and Defendant Alan Abouhassan ("Abouhassan"). The Joint Motion is **GRANTED**. The Court, being duly advised, has determined that injunctive relief is appropriate and that the tendered Agreed Injunction should be entered and shall supersede the current injunctions entered in this matter. The Court finds that USI has no adequate remedy at law, USI will suffer irreparable harm if injunctive relief is not granted, and the entry of the injunction is consistent with the public interest. The Court, therefore, enters the following injunction:

Factual Background

1.    USI is a Delaware limited liability company with its principal place of business in New York. USI is a leading insurance brokerage.

2.    The only member of USI is USI, Inc., which is a New York corporation with its principal place of business in New York.

3.    Abouhassan is a citizen of and resides in Ohio. Abouhassan has worked as a producer in the insurance business for years.

4.    In conjunction with an employment relationship, Abouhassan entered into an employment agreement with USI that contained restrictive covenants regarding, among other things, competition, confidential information, and the solicitation of USI's customers and prospective customers (the "Agreement"). The Agreement is attached to the Complaint in this matter and any capitalized, but undefined terms in this Agreed Injunction have the meaning given to them in the Agreement.

5.    Abouhassan's employment with USI ended on or about April 27, 2023, and he immediately went to work for Hylant Group, Inc. ("Hylant"), a direct competitor of USI.

6.    Abouhassan's employment with Hylant is in the same or similar capacity as he worked for USI.

## The Current Dispute

7. On February 13, 2024, USI filed the instant Complaint against Abouhassan in the U.S. District Court for the Southern District of Ohio (the "Ohio Court"), under Case 2:24-cv-00628-SDM-CMV (the "Abouhassan Lawsuit").

8. The claims in the Abouhassan Lawsuit arise, in part, from alleged violations of restrictive covenants found in an employment agreement between USI and Abouhassan. Via the Abouhassan Lawsuit, USI seeks damages and injunctive relief against Abouhassan.

9. Abouhassan denies USI's allegations, but has agreed to enter into this Agreed Injunction, subject to the Court's approval.

## The Agreed Injunction

10. Until April 19, 2025, Abouhassan shall not, directly or indirectly, on behalf of any Competitive Business (as defined in the Employee Agreement) in any capacity: (i) solicit or attempt to solicit services in competition with USI to any Client Account (as defined by the Employee Agreement); (ii) divert or attempt to divert services away from USI with respect to any Client Account; (iii) consult for any Client Account with respect to services in competition with USI; (iv) sign a broker of record letter with any Client Account to provide services in competition with USI; or (v) induce the termination, cancellation or non-renewal of any Client Account; in each case with respect to any Client Account that Abouhassan managed or regularly serviced and/or about which Abouhassan obtained Confidential Information on behalf of USI within the last two (2) years of his employment. During this period, Abouhassan shall not receive or accept anything of value, directly or indirectly, by way of commissions or otherwise for insurance placed for USI's Client Account while this restriction is in place. This restriction does not prevent Abouhassan from receiving a salary for any role that is genuinely not subject to this Agreed Injunction.

11. Until October 19, 2024, Abouhassan shall not, directly or indirectly, on behalf of any Competitive Business in any capacity: (i) solicit or attempt to solicit services in competition with the Company to any Active Prospective Client (as defined by the Employee Agreement); (ii) divert or attempt to divert services away from the Company with respect to any Active Prospective Client; (iii) consult for any Active Prospective Client with respect to services in competition with the Company; or (iv) sign a broker of record letter with any Active Prospective Client to provide services in competition with the Company; in each case with respect to any Active Prospective Client that Abouhassan solicited and/or about which Abouhassan obtained Confidential Information on behalf of USI within the last twelve (12) months of his employment

12. Abouhassan shall not use or disclose any of USI's confidential information except: (a) with the prior written consent of USI; or (c) to the extent necessary to comply with the law or the valid order of a court of competent jurisdiction, in which event Abouhassan shall notify such USI as promptly as practicable (and, if possible, prior to making such disclosure). Abouhassan will also use reasonable efforts to prevent any prohibited use or disclosure by any other person.

13. Within fourteen (14) days of the entry of the Agreed Injunction, Abouhassan shall return to USI all confidential information belonging to USI that remains in his possession, custody, or control, including all information relating to Client Accounts or Active Prospective Clients of USI and permanently destroy or delete all records, whether electronic or otherwise, containing such information.  Notwithstanding, Abouhassan counsel may retain a copy of any such information solely for use in conjunction with the Abouhassan Lawsuit until such time as the matter is dismissed as set forth below.

14. Within fourteen (14) days of the entry of the Agreed Injunction, Abouhassan shall provide a sworn declaration to USI verifying that he has returned all confidential information to USI and that he has permanently destroyed or deleted all records, whether electronic or otherwise containing such information, with the only exception being his counsel's right to retain copies of such information as described in the prior paragraph.

15. The Parties agree that this Court has subject matter and personal jurisdiction in the Abouhassan Lawsuit, including jurisdiction to enter this Agreed Injunction and enforce its terms.

16. This Agreed Injunction is intended to resolve all of the issues in the case and the Court shall retain jurisdiction to enforce the terms of this Agreed Injunction as well as over the remainder of the case.

17. At the end of the term of this Agreed Injunction, April 19, 2025, assuming no showing of non-compliance, the Parties shall file a stipulated Motion to Dismiss the Abouhassan Lawsuit with prejudice, fully and finally resolving their disputes, each party to bear its own costs and fees.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison  
SARAH D. MORRISON  
UNITED STATES DISTRICT JUDGE